**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

        v.                                                          Civil Action No. 22-cv-06537

CROWN BRIDGE PARTNERS, LLC,
SOHEIL AHDOOT, and
SEPAS AHDOOT,

                                        Defendants.

## [PROPOSED] FINAL JUDGMENT
## AS TO DEFENDANT CROWN BRIDGE PARTNERS, LLC

        The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Crown Bridge Partners, LLC ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Final Judgment:

### I.

        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 15(a)(1) of the Securities Exchange

Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15 U.S.C. § 78c(a)(5)], by

making use of the mails or any means or instrumentality of interstate commerce to effect any

transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than

an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial paper, bankers'

acceptances, or commercial bills) unless the Defendant is registered with the Commission as a dealer in accordance with Exchange Act Section 15(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's members, managing members, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)]. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $8,103,073.75, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest thereon in the amount of $287,527.52, and a civil penalty of $810,307.00 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], for a total of $9,200,908.27. Defendant shall satisfy this obligation by paying to the Commission $9,200,908.27, plus post-judgment interest, pursuant to the terms of the payment schedule set forth in Paragraph IV below. Defendant's liability for payment of these amounts

shall be joint and several with Defendants Soheil Ahdoot and Sepas Ahdoot upon the entry of separate final judgments against them in this action. Every $1 paid by Defendant toward this payment obligation shall reduce the joint and several liability of Defendants Soheil Ahdoot and Sepas Ahdoot by $1; and, every $1 paid by Defendants Soheil Ahdoot or Sepas Ahdoot toward this joint and several obligation (as reflected in the final judgments separately entered against each of them in this action) shall reduce Defendant's payment obligation by $1.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Crown Bridge Partners, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action by email to Elliot Weingarten, WeingartenEl@sec.gov. By paying these amounts, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalties due of $9,200,908.27, plus post-judgment interest, in five (5) installments to the Commission according to the following schedule: (i) $3,220,317.89 is due within 15 days after entry of this Final Judgment, (ii) $1,495,147.60  is due within 90 days after entry of this Final Judgment, (iii) $1,495,147.60 is due within 180 days after entry of this Final Judgment, (iv) $1,495,147.59 is due within 270 days after entry of this Final Judgment, and (v) $1,495,147.59, plus an amount equal to the accrued post-judgment interest, is due within 360 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment, Defendant shall contact the Commission's counsel, Elliot Weingarten, WeingartenEl@sec.gov, for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above (and if Defendants Soheil Ahdoot and Sepas Ahdoot, with whom Defendant is jointly and severally liable upon the entry of final judgments against them, fail to make any payment by the date agreed and/or in the amount agreed as set forth in those final judgments), all outstanding payments under this Final Judgment, including post-

judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including Defendant's agreements that:

A.      within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation all rights to all shares of common stock associated with the issuers identified in Appendix A to the Consent, which were received in connection with convertible notes and related warrants entered into from January 1, 2016 through the date of entry of Final Judgment;

B.      within thirty (30) days after entry of Final Judgment, Defendant shall surrender its conversion rights under all remaining convertible notes associated with the issuers identified in Appendix B to the Consent, which were entered into from January 1, 2016 through the date of entry of Final Judgment;

C.      within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation and retirement all remaining warrants associated with the issuers identified in Appendix C to the Consent, which were received in connection with convertible notes entered into from January 1, 2016 through the date of entry of Final Judgment; and

Defendant shall certify its compliance with the undertakings set forth in this Paragraph. Defendant's certification shall identify the undertaking, provide a written narrative of

compliance, and support the narrative with exhibits evidencing the surrender for cancellation of shares identified in Appendix A, the surrender of conversion rights on the convertible notes identified in Appendix B, and the surrender for cancellation and retirement of all warrants identified in Appendix C.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Fuad Rana, Assistant Director, 100 F Street NE, Washington, DC 20549, RanaF@sec.gov, with a copies to Elliot Weingarten, Counsel at WeingartenEl@sec.gov, and the Office of Chief Counsel of the Enforcement Division, no later than thirty (30) days from the date of the completion of each undertaking.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  _____, 2022          _____
                                                    UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

        v.                                                              Civil Action No. 22-cv-06537

CROWN BRIDGE PARTNERS, LLC,
SOHEIL AHDOOT, and
SEPAS AHDOOT,

                                        Defendants.

**CONSENT OF DEFENDANT CROWN BRIDGE PARTNERS, LLC**

1.      Defendant Crown Bridge Partners, LLC ("Defendant") waives service of a
summons and the complaint in this action, enters a general appearance, and admits the Court's
jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided
herein in paragraph 14 and except as to personal and subject matter jurisdiction, which
Defendant admits), Defendant hereby consents to the entry of final judgment in the form
attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other
things:

        (a)     permanently restrains and enjoins Defendant from violating Section

                15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15

                U.S.C. § 78o(a)(1)];

        (b)     for a period for a period of five years from the date of entry of Final

                Judgment, bars Defendant from participating in an offering of penny

                stock, including engaging in activities with a broker, dealer, or issuer for

purposes of issuing, trading, or inducing or attempting to induce the

purchase or sale of any penny stock, pursuant to Exchange Act Section

21(d)(6) [15 U.S.C. § 78u(d)(6)];

(c)     orders Defendant to pay disgorgement in the amount of $8,103,073.75,

plus prejudgment interest thereon in the amount of $287,527.52, which

shall be  a joint and several obligation with Defendants Soheil Ahdoot and

Sepas Ahdoot upon the entry of separate final judgments against them in

this action; and

(d)     orders Defendant to pay a civil penalty in the amount of $810,307.00

under Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], which shall

be a joint and several obligation with Defendants Soheil Ahdoot and Sepas

Ahdoot (pursuant to separate final judgments to be entered against them in

this action).

3.     Defendant undertakes the following:

a)     Within thirty (30) days after entry of Final Judgment, Defendant shall

surrender for cancellation all rights to all shares of common stock

associated with the issuers identified in Appendix A.

b)     Within thirty (30) days after entry of Final Judgment, Defendant shall

surrender its conversion rights under all remaining convertible notes

associated with the issuers identified in Appendix B.

c)     Within thirty (30) days after entry of Final Judgment, Defendant shall

surrender for cancellation and retirement all remaining warrants associated

with the issuers identified in Appendix C.

Defendant shall certify its compliance with the undertakings set forth in this Paragraph.

Defendant's certification shall identify the undertaking, provide a written narrative of

compliance, and support the narrative with exhibits evidencing the surrender for cancellation of

shares identified in Appendix A, the surrender of conversion rights on the convertible notes

identified in Appendix B, and the surrender for cancellation and retirement of all warrants

identified in Appendix C.  The Commission staff may make reasonable requests for further

evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit

the certification and supporting material to Fuad Rana, Assistant Director, 100 F Street NE,

Washington, DC 20549, RanaF@sec.gov, with a copies to Elliot Weingarten, Counsel at

WeingartenEl@sec.gov and the Office of Chief Counsel of the Enforcement Division, no later

than thirty (30) days from the date of the completion of each undertaking.

4.      Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

5.      Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

6.     To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not argue in any Related Civil Action that it is entitled to, nor shall it benefit by, offset or reduction of compensatory damages award in the Related Civil Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action nonetheless grants a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed by the

Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

7.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

9.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

11.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

13.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

14.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the

allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers

filed in this action to the extent that they deny any allegation in the complaint.  If Defendant

breaches this agreement, the Commission may petition the Court to vacate the Final Judgment

and restore this action to its active docket.  Nothing in this paragraph affects Defendant's:

(i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

proceedings in which the Commission is not a party.

15.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

16.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _June 24_, 2022          Crown Bridge Partners, LLC

By: _____
[Name] Soheil Ahdoot
[Title/Position] MEMBR
Crown Bridge Partners, LLC
[Street Address] 37 Bellingham W.
[City, State, Zip Code] Great Neck NY 11023

On _June 24th_, 2022, _Soheil Ahdoot_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent, with full authority to do so on behalf of Crown Bridge Partners, LLC, as its _Member_.

Notary Public _____
Commission expires: 12/02/2023

Approved as to form:

_____
Christopher L. Garcia, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Attorney for Defendant

8

APPENDIX A

Shares To Be Surrendered For Cancellation

| Symbol | Issuer Name |
| --- | --- |
| ADGO | Advantego Corp |
| AIAD | Aiadvertising Inc. |
| AITX | Artificial Intelligence Technology Solutions Inc. |
| ASCK | Auscrete Inc |
| BBRW | Brewbilt Manufacturing Inc. |
| BIMI | Bimi International Medical Inc. |
| BLPG | Blue Line Protection Group Inc. |
| BLSP | Blue Sphere Corp |
| BLXX | Blox Inc. |
| BRLL | Barrel Energy Inc. |
| BRTX | Biorestorative Therapies Inc. |
| CNGT | Cannagistics Inc. |
| DIGAF | Digatrade Finacial Corp |
| DIRV | Directview Holdings Inc. |
| DLOC | Digital Locations Inc. |
| DPLS | Darkpulse Inc. |
| DTII | Defense Technologies Inc. |
| EVIO | EVIO Inc. |
| EWLL | Ewellness Healhcare Corp |
| FBEC | FBEC Worldwide Inc. |
| FERL | Fearless Films Inc. |
| FLES | Auto Parts 4less Group Inc. |
| FTXP | Foothills Exploration Inc. |
| FWAV | Fourth Wave Energy Inc. |
| GAXY | Galaxy Next Generation Inc. |
| GDSI | Global Digital Solutions Inc. |
| GXXM | GEX Management Inc. |
| INCT | Incapta Inc. |
| INND | Innerscope Hearing Technologies Inc. |
| IPSI | Innovative Payment Systems |
| ITOX | Iiotoxys Inc. |
| MCOA | Marijiuana Company Of America Inc. |
| MMTIF | Micromem Technologies Inc. |
| MXSG | Mexus Gold US |
| NEWH | NewHydrogen Inc. |

| Symbol | Issuer Name |
|--------|-------------|
| OPTI | Optec International Inc. |
| PBIO | Pressure Biosciences Inc. |
| PCTL | PCT Ltd. |
| PHBI | Pharmagreen Biotech Inc. |
| PHIL | Phi Group Inc. |
| PRCX | Phoenix Rising Co. |
| RBNW | Renewable Energy And Power Inc. |
| RIII | Renavotio Inc. |
| RTON | Right On Brands Inc. |
| SFOR | Strikeforce Technologies Inc. |
| SNRG | SusGlobal Energy Corp. |
| TAUG | Tauriga Sciences Inc. |
| THCT | THC Therapeutics Inc. |
| TWOH | Two Hands Corp. |
| VITX | Vitana-X Inc. |
| WCVC | West Coast Ventures Inc. |
| WDLF | Social Life Network Inc. |

APPENDIX B

Notes To Which Defendant Shall Surrender Conversion Rights

| Symbol | Issuer Name | Date of Note(s) |
| --- | --- | --- |
| ABCE | ABCO Energy Inc. | 8/8/2019 |
| ADGO | Advantego Corp. | 1/17/2019 |
| ARST | Arista Financial | 12/10/2018 |
| ASCK | Auscrete Corp. | 5/28/2019 |
| BBRW | Brewbilt Manufacturing Inc. | 5/1/2020 |
| BIEI | Premier Biomedical Inc. | 3/27/2019<br>6/26/2019<br>9/12/2019 |
| BMXC | Bemax Inc. | 3/20/2017 |
| BRTI | Blackridge Technology Inc. | 9/26/2019 |
| CBBT | Cerebain Biotech Inc. | 3/2/2018 |
| CIIX | Chineseinvestors.com Inc. | 2/24/2020 |
| CNGT | Cannagistics Inc. | 4/15/2020 |
| DIGAF | Digatrade Financial Corp. | 6/26/2020 |
| DIRV | Directview Holdings Inc. | 3/20/2019 |
| ECTX | Eco Tek 360 Inc. | 2/7/2019 |
| ELTZ | Elite Group Inc. | 11/17/2017 |
| FBEC | FBEC Worldwide Inc. | 2/7/2017 |
| FRLI | Frelii Inc. | 1/30/2020 |
| GHHC | GH Capital Inc. | 2/20/2018 |
| GXXM | GEX Management Inc. | 4/26/2018 |
| IGEN | IGEN Networks Corp. | 5/24/2019 |
| INCT | InCapta Inc. | 1/17/2017 |
| KLFE | Kannalife Sciences Inc. | 6/2/2020 |
| KPAY | KinerjaPay Corp. | 6/13/2018<br>2/10/2020 |
| LIBE | Libertated Inc | 8/15/2017 |
| LRDG | Lord Global Corp | 2/25/2019 |
| MFST | Medifirst Solutions Inc. | 2/27/2019 |
| MMTIF | Micromem Technologies Inc. | 11/27/2019<br>1/20/2020 |
| PHBI | Pharmagreen Biotech Inc. | 1/14/2020 |
| PKGM | Pocket Games Inc. | 2/12/2016<br>6/30/2016 |
| PPCB | Propanc Biopharma | 10/3/2019 |

| Symbol | Issuer Name | Date of Note(s) |
|---|---|---|
| RIII | Renavotio Inc. | 11/6/2019 |
| SIAF | Sino Agro Foods Inc. | 8/17/2018 1/29/2020 |
| STWC | STWC Holdings Inc. | 4/18/2019 |
| SVTE | Service Team Inc. | 12/21/2016 |
| TCHC | Tech Central Inc. | 11/4/2019 |
| TGRR | Tiger Reef Inc. | 4/3/2017 |
| THCT | THC Therapeutics Inc. | 4/4/2019 |
| WCVC | West Coast Ventures | 1/7/2019 |
| XSPT | XSport Global Inc. | 2/26/2019 |

APPENDIX C

Warrants to be Surrendered for Cancellation and Retirement

| Symbol | Issuer Name | Date of Warrant(s) |
|---|---|---|
| ABCE | ABCO Energy Inc. | 8/8/2019 |
| BBRW | Brewbilt Manufacturing Inc. | 5/1/20<br>7/23/20 |
| BIXT | Bioxytran Inc. | 2/19/2020 |
| BLSP | Blue Sphere Corp. | 1/3/2018 |
| BLXX | Blox Inc. | 8/16/2019 |
| BRTI | Blackridge Technologies Inc. | 9/26/2019 |
| CNGT | Cannagistics Inc. | 4/15/2020 |
| CYAP | Cyber Apps World Inc. | 11/13/2019 |
| ECTX k/n/a GFTX | Eco Tek 360 Inc.k/n/a Global Fiber Technologies Inc. | 2/7/2019 |
| EVIO | Evio Inc. | 9/17/2018 |
| GDSI | Global Digital Solutions | 1/21/2019<br>8/29/2019 |
| GHHC k/n/a VITX | GH Capital Inc. k/n/a Vitana-X Inc. | 3/13/2019 |
| KLFE k/n/a NPTX | Kannalife Inc. k/n/a Neuropathix Inc. | 6/2/2020 |
| KPAY | KinerjaPay Corp. | 10/23/2019<br>2/10/2020 |
| LIBE | Liberated Inc. | 3/21/2018 |
| LRDG | Lord Global Corporation | 7/1/2020<br>8/3/2020 |
| MCTC k/n/a CBGL | MCTC Holdings Inc. k/n/a Cannabis Global Inc. | 3/19/2020<br>5/4/2020<br>7/10/2020 |
| PHBI | Pharmagreen Biotech Inc. | 1/14/2020 |
| PQEFF | Petroteq Energy Inc. | 1/20/2020 |
| SGSI k/n/a HWNI | Spectrum Global Solutions Inc. k/n/a High Wire Networks Inc. | 11/12/2019 |
| STWC | STWC Holdings Inc. | 4/18/2019 |
| THCT | THC Therapeutics Inc. | 6/5/2019<br>1/23/2020 |
| XSPT | XSport Global Inc. | 2/26/2019 |