**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

          v.

CROWN BRIDGE PARTNERS, LLC,
SOHEIL AHDOOT, and
SEPAS AHDOOT,

                                        Defendants.

Civil Action No. 22-cv-06537

---

### [PROPOSED] FINAL JUDGMENT
### AS TO DEFENDANT SEPAS AHDOOT

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Sepas Ahdoot ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 15(a)(1) of the Securities Exchange

Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15 U.S.C. § 78c(a)(5)], by

making use of the mails or any means or instrumentality of interstate commerce to effect any

transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than

an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial paper, bankers'

acceptances, or commercial bills) unless the Defendant is registered with the Commission as a dealer in accordance with Exchange Act Section 15(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's members, managing members, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)].  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $8,103,073.75, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest thereon in the amount of $287,527.52, and a civil penalty of $810,307.00 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], for a total of $9,200,908.27. Defendant shall satisfy this obligation by paying to the Commission $9,200,908.27, plus post-judgment interest, pursuant to the terms of the payment schedule set forth in Paragraph IV below. Defendant's liability for payment of these amounts

2

shall be joint and several with Defendants Crown Bridge Partners, LLC and Soheil Ahdoot upon the entry of separate final judgments against them in this action. Every $1 paid by Defendant toward this payment obligation shall reduce the joint and several liability of Defendants Crown Bridge Partners, LLC and Soheil Ahdoot by $1; and, every $1 paid by Defendants Crown Bridge Partners LLC or Sepas Ahdoot toward this joint and several obligation (as reflected in the final judgments separately entered against each of them) shall reduce Defendant's payment obligation by $1.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Crown Bridge Partners, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action by email to Elliot Weingarten, WeingartenEl@sec.gov. By paying these amounts, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalties due of $9,200,908.27, plus post-judgment interest, in five (5) installments to the Commission according to the following schedule: (i) $3,220,317.89 is due within 15 days after entry of this Final Judgment, (ii) $1,495,147.60  is due within 90 days after entry of this Final Judgment, (iii) $1,495,147.60 is due within 180 days after entry of this Final Judgment, (iv) $1,495,147.59 is due within 270 days after entry of this Final Judgment, and (v) $1,495,147.59, plus an amount equal to the accrued post-judgment interest, is due within 360 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment, Defendant shall contact the Commission's counsel, Elliot Weingarten, WeingartenEl@sec.gov, for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above (and if Defendants Crown Bridge Partners, LLC and Soheil Ahdoot, with whom Defendant is jointly and severally liable upon the entry of final judgments against them, fail to make any payment by the date agreed and/or in the amount agreed as set forth in those final judgments), all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2022          _____

                                                          UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                                             Plaintiff,

          v.                                                          Civil Action No. 22-cv-06537

CROWN BRIDGE PARTNERS, LLC,
SOHEIL AHDOOT, and
SEPAS AHDOOT,

                                             Defendants.

**CONSENT OF DEFENDANT SEPAS AHDOOT**

1.        Defendant Sepas Ahdoot ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.        Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

          (a)        permanently restrains and enjoins Defendant from directly or indirectly violating Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)];

          (b)        for a period for a period of five years from the date of entry of Final Judgment, bars Defendant from participating in an offering of penny

stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)];

(c)     orders Defendant to pay disgorgement in the amount of $8,103,073.75, plus prejudgment interest thereon in the amount of $287,527.52, which shall be a joint and several obligation with Defendants Crown Bridge Partners, LLC and Soheil Ahdoot upon the entry of separate final judgments against them in this action; and

(d)     orders Defendant to pay a civil penalty in the amount of $810,307.00 under Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], which shall be a joint and several obligation with Defendants Crown Bridge Partners, LLC and Soheil Ahdoot upon the entry of separate final judgments against them in this action.

3.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5.      To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not argue in any Related Civil Action that he is entitled to, nor shall he benefit by, offset or reduction of a compensatory damages award in a Related Civil Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action nonetheless grants a Penalty Offset, Defendant agrees that he shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the United

States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be

deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed by the Final Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

      6.     Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

      7.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

      8.     Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

      9.     Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

      10.    Defendant will not oppose the enforcement of the Final Judgment on the ground,

if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

hereby waives any objection based thereon.

      11.    Defendant waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __6 / 2 4_____, 2022                    _____
                                                                                      Sepas Ahdoot


On __24 June_____, 2022, Sepas Ahdoot, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                    FRANK DONNO
          NOTARY PUBLIC STATE OF NEW YORK
                    SUFFOLK COUNTY
                 LIC. #01DO6426817
              COMM. EXP. 12/20/20 25          _____
                                                                       Notary Public
                                                                       Commission expires:

Approved as to form:

_____
Christopher L. Garcia, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Attorney for Defendant

7