UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>CROWN BRIDGE PARTNERS, LLC,<br>SOHEIL AHDOOT, and<br>SEPAS AHDOOT,<br><br>            Defendants. | Civil Action No. 22-cv-06537 |

**FINAL JUDGMENT
AS TO DEFENDANT SEPAS AHDOOT**

  The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Sepas Ahdoot ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15 U.S.C. § 78c(a)(5)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial paper, bankers'

acceptances, or commercial bills) unless the Defendant is registered with the Commission as a dealer in accordance with Exchange Act Section 15(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's members, managing members, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)]. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $8,103,073.75, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest thereon in the amount of $287,527.52, and a civil penalty of $810,307.00 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], for a total of $9,200,908.27. Defendant shall satisfy this obligation by paying to the Commission $9,200,908.27, plus post-judgment interest, pursuant to the terms of the payment schedule set forth in Paragraph IV below. Defendant's liability for payment of these amounts

shall be joint and several with Defendants Crown Bridge Partners, LLC and Soheil Ahdoot upon the entry of separate final judgments against them in this action. Every $1 paid by Defendant toward this payment obligation shall reduce the joint and several liability of Defendants Crown Bridge Partners, LLC and Soheil Ahdoot by $1; and, every $1 paid by Defendants Crown Bridge Partners LLC or Soheil Ahdoot toward this joint and several obligation (as reflected in the final judgments separately entered against each of them) shall reduce Defendant's payment obligation by $1.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Crown Bridge Partners, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action by email to Elliot Weingarten, WeingartenEl@sec.gov. By paying these amounts, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalties due of $9,200,908.27, plus post-judgment interest, in five (5) installments to the Commission according to the following schedule: (i) $3,220,317.89 is due within 15 days after entry of this Final Judgment, (ii) $1,495,147.60  is due within 90 days after entry of this Final Judgment, (iii) $1,495,147.60 is due within 180 days after entry of this Final Judgment, (iv) $1,495,147.59 is due within 270 days after entry of this Final Judgment, and (v) $1,495,147.59, plus an amount equal to the accrued post-judgment interest, is due within 360 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment, Defendant shall contact the Commission's counsel, Elliot Weingarten, WeingartenEl@sec.gov, for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above (and if Defendants Crown Bridge Partners, LLC and Soheil Ahdoot, with whom Defendant is jointly and severally liable upon the entry of final judgments against them, fail to make any payment by the date agreed and/or in the amount agreed as set forth in those final judgments), all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 8, 2022

_____
JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE